United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VEYSI KONUR,
Plaintiff,
v.
SERGIO ALBARRAN, et al.,
Defendants.

Case No. 26-cv-12535-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 4

On October 26, 2026, Petitioner Veysi Konur filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and Motion for a Temporary Restraining Order ("TRO") seeking immediate release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). *See* ECF Nos. 1, 4–5. On October 28, 2026, Petitioner filed a TRO and the government filed an opposition. ECF Nos. 4-6. The Court issued an order directing the parties to submit additional materials (and Petitioner's reply) by October 29, 2026. ECF No. 7. These materials have been submitted, and for the following reasons, the Court GRANTS the petition for writ of habeas corpus and DENIES the TRO as moot.

## I. FINDINGS OF FACT

Based on the record before it, the Court finds the following facts. Petitioner, a citizen of Turkey, entered the United States in 2022 and was apprehended by immigration officials at the border. He was released from custody approximately one month later. ECF No. 1 ¶ 3. On November 28, 2022, about four weeks after his entry, an immigration judge determined that he was not a flight risk and not a danger to the community, and he was released on bond. *See* ECF No. 8. He timely filed an asylum application, which remains pending. *See* ECF No. 6-1 at 3–4. While living in the United States, he became engaged to a United States citizen, and together they

are the parents of P.K., born in 2025. ECF No. 5-1 ¶ 6.

In July, 2026, Petitioner was arrested on misdemeanor charges for domestic battery; those charges were dismissed on October 15, 2026, when he pled *nolo contendere* to a misdemeanor violation of California Penal Code 415(2), Malicious and Willful Disturbance by Loud and Unreasonable Noise. *See* ECF Nos. 9-1, 9-2. Petitioner has no other criminal history. On September 23, 2026, based on the arrest—and so before the subsequent dismissal and *nolo contender* plea to a reduced charge—the government mailed a notice to Petitioner's bond obligor ordering him to appear for an interview. ECF No. 1 ¶ 33. Petitioner appeared as scheduled on October 26, 2026 and, notwithstanding the dismissal of the charge, he was arrested and detained by ICE. *Id.* No pre-arrest hearing was provided. *Id.*; *see also, generally*, ECF No. 6.

## II. DISCUSSION

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "The Court analyzes petitioner's due process claim in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Holani v. Albarran*, No. 26-CV-08013-NW, 2026 WL 2654823, at *7 (N.D. Cal. Sept. 8, 2026).

It is well-established that the Due Process Clause applies to noncitizens physically present within the United States, and "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). These due process rights extend to immigration proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003). "[E]ven when an initial decision to detain or release an individual is discretionary, the government's subsequent release of the individual from custody creates 'an implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release." *Calderon v. Kaiser*, No. 25-CV-6695 AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). Petitioner undoubtedly has such a protected liberty interest,

having been released under bond in November, 2022, become engaged to a United States citizen, and started a family here. *See* ECF No. 5-1 ¶ 6.

The government concedes that Petitioner "has the right to due process," and concedes that this Court may review the "constitutional claims" raised by the Petitioner, even if his detention is based on Sections 1226(a) and (b). ECF No. 6 at 8, 10–12. Section 1226(a) allows for detention during the pendency of removal proceedings but provides for a bond hearing. 8 U.S.C. § 1226(a). But this is not a case of initial detention with no prior interaction with ICE – Petitioner was released on bond in 2022. Section 1226(b) permits the Attorney General to "at any time [] revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." But despite this broad language, "a previous bond determination may not be revoked by DHS absent a change in circumstances, and in practice 'DHS generally only re-arrests an alien pursuant to § 1226(b) after a material change in circumstances.'" ECF No. 6 at 10 (quoting *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981) and *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions,* 905 F.3d 1137 (9th Cir. 2018)). The government insists that Petitioner's arrest for a domestic violence misdemeanor *per se* supplies such a change in circumstances, absent any conviction and absent any hearing before an immigration judge. *See id.* The Court disagrees.

Courts in this District have held, in numerous cases, that an arrest without a conviction is not itself a material change in circumstances. *See, e.g.*, *Hernandez Serrano v. Albarran*, No. 26-cv-03452-EKL, 2026 WL 1611876, at *3 (N.D. Cal. June 4, 2026); *Larios v. Albarran*, No. 25-cv-8799-AMO, 2025 WL 3043391, at *8 (N.D. Cal. Oct. 31, 2025); *Ortega Macario v. Albarran*, No. 25-cv-10885-TLT, 2026 WL 1916262, at *6 (N.D. Cal. Feb. 2, 2026). Some of these cases specifically considered circumstances where the petitioner "was charged for misdemeanor domestic violence, but the charges were dismissed." *E.g.*, *Ortega Macario*, No. 25-cv-10885-TLT, 2026 WL 1916262, at *6 (N.D. Cal. Feb. 2, 2026). In such circumstances, contrary to the government's arguments here, courts have granted relief ordering release and a pre-deprivation hearing, at which the government bears the burden of showing changed circumstances. *Id.* The Court joins other courts in this District in providing for the same relief.

None of the government's other arguments are persuasive. First, the government argues that because Petitioner pled *nolo contender* to a lesser offense following the arrest, the Court should not discount the arrest. ECF No. 6 at 9–10 (arguing that "there are a host of reasons . . . that may prevent an arrest from resulting in a conviction). The Court does not discount Petitioner's arrest and acknowledges that there are numerous reasons why someone who is arrested may not be convicted. Yet as the government knows, an arrest is not a conviction, and even when the government elects to prosecute an offense, the alleged offender is presumed innocent. But here the prosecutor elected not to prosecute Petitioner for the misdemeanor domestic violence charge. It is axiomatic that the government cannot use the same charge that a prosecutor abandoned as a material change in circumstances that warranted rearresting Petitioner pursuant to § 1226(b). *See, e.g.*, *Ortega Macario*, No. 25-cv-10885-TLT, 2026 WL 1916262, at *6 (N.D. Cal. Feb. 2, 2026) ("Respondents plainly have not met their burden of showing that there has been a change in circumstances.").[1]

Second, the government argues that this Court cannot review or set aside ICE's custody determination. ECF No. 6 at 8. The Court does not do so; rather it finds that, contrary to law, no individualized determination was made. *Contra* ECF No. 6 at 8. Nothing in this order prevents the government from providing Petitioner with a hearing and undertaking the changed-circumstances analysis in the first instance.

## III. CONCLUSION

Because none of the facts are in dispute, and for the reasons explained above, the Court

[1] The government also does not argue that Petitioner was detained pursuant to Section 1226(c), requiring detention for noncitizens who are "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(ii). While the Court therefore does not decide this issue, it is notable that "courts have construed [§ 1226(c)(1)(E)(ii)] to mandate detention only when, for example, an individual is *currently* arrested for, charged with, or convicted of a qualifying offense." *Borbor Malave v. Warden, California City Immigr. Processing Ctr.*, No. 26-cv-04270 (VC), 2026 WL 2654357, at *2 (E.D. Cal. Sept. 9, 2026) (emphasis in original) (citing *Aguillares v. Chestnut*, No. 26-cv-04234-DJC (JDP), 2026 WL 2455215, at *2 (E.D. Cal. Aug. 21, 2026) (collecting cases)). The Court observes that Petitioner would not appear to qualify under this subsection, as he was not under arrest or charge for a qualifying offense at the time of the October 26, 2026 detention.

United States District Court
Northern District of California

GRANTS the petition for writ of habeas corpus, DENIES the TRO as moot, and ORDERS: Respondents SHALL release Petitioner in San Francisco, returning him there if he has been moved in the interim. Respondents are ENJOINED from re-detaining Petitioner or from removing him from the United States without notice and a pre-deprivation hearing before a neutral decisionmaker, at which the government must demonstrate, by clear and convincing evidence, changed circumstances such that petitioner is a flight risk or danger to the community. Petitioner SHALL be allowed to have counsel present.

This Order resolves the Petition, and the Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: November 1, 2026

Noël Wise
United States District Judge